Date signed February 12, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| MONICA STITT | : | Case No. 12-27357PM |
| Debtor | : | Chapter 7 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MONICA STITT | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 13-0178PM |
| | : | |
| U.S. DEPARTMENT OF EDUCATION | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

This case is before the court on the Debtor's amended complaint seeking to discharge student loans aggregating $37,431.38.[1] These loans are held by the Department of Education as reinsurer for the original lenders. She argues that repayment of these loans imposed an undue hardship upon her. Once a creditor establishes, as is admitted here by the Debtor, that the debt is of the type excepted from discharge under 11 U.S.C. § 523(a)(8), the burden shifts to the Debtor to show that excepting the debt from discharge imposes an undue hardship upon her. She must prove this by a preponderance of the evidence. *In re Bronsdon,* 435 B.R. 791, 796-97 (BAP1 2010) *citing Grogan v. Garner*, 498 U.S. 279, 287 (1991).

---

[1] The Debtor also sought damages against the Defendant in the amount of $75,000.00.

Section 523(a)(8) of the Bankruptcy Code provides:

**§523 Exceptions to discharge**.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--

(A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

In the case of *In re Frushour*, 433 F.3d 393, 398 (CA4 2005), the Fourth Circuit adopted the three-part undue hardship test of *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (CA2 1987), for what must be proven by a debtor to obtain a discharge of student loans. A debtor must show:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Frushour*, 433 F.3d at 400.

The Debtor lives in modest circumstances. She owns personal property valued at $210.00 and nothing else of value. The court finds that the Debtor cannot maintain a minimal standard of living if forced to repay her loans. Her income consists of social security disability payments, a county rent supplement of $1,013.00 a month, medicaid and food stamps. While the total value of these public grants exceeds the poverty level, the court finds that she cannot maintain, based on her current receipts and expenses, a minimal standard of living for herself as matters stand, even were she to pay solely the daily interest of $3.38. She has from time to time been reduced to living in shelters for the homeless. This situation is likely to persist for the indefinite future, particularly because she is making no effort at this time to re-enter the job

market.  It is true that  she obtained a paralegal certificate at Montgomery College in 2008, and as stated in her Statement of Financial Affairs, she was involved in a publishing start up for an entity called the Public Awareness Publication from November 2005 to June 2008.  Her employment history seems to consist solely of minimum wage employment.

This case presents a classic chicken and egg situation.  The Debtor seeks discharge of her student loans so that she may obtain further student loans that will enable her to obtain the requisite education to obtain meaningful employment.  Without further education, her employment situation will undoubtedly remain the same as it has been for many years and will persist for the foreseeable future.  If the student loans are discharged, with further schooling, she may be able to repay the loan.  However, as pointed out in Judge Manion's concurring opinion in the case of *Krieger v. Educational Credit Management Corp.*, 713 F.3d 882, 886 (CA7 2013), a good and expensive education is no longer a guarantee that a good job will ensue.

The Debtor scheduled student loan debts to Strayer University of $4,500.00 and to the Department of Education of $30,000.00, although Exhibit A attached to her original complaint shows $15,844.00 principal and $20,877.00 interest due on her loans obtained in 1989 and 1990. Her argument is that she needs to obtain this discharge because then she may obtain further financial aid so that she can obtain a college degree.  She asserts that the existence of these student loans bars her obtaining further guaranteed student loans.

However, the Debtor falls way short of meeting her burden of proof as to the third portion of *Brunner* standard that is that she made a good faith effort to repay her student loans. Since 2007, the only credits made to her student loan account was for $774.47 representing funds withheld for taxes from a $11,000.00 stipend received from the subsidized Workforce Recruitment Program for the disabled sponsored by the Department of Labor.  None of the rest of the $11,000.00 was used by her to pay this debt.  Further, as pointed out in *Frushour*, 433 F.3d at 402, her failure to seek out loan consolidation options that make the debt less onerous is an important component of the good faith inquiry.  When questioned about participation in the Income Contingent Repayment Plan for which she is eligible, she answered, as shown in the Defendant's Exhibit 2-A, that the person suggesting such a course of action was evil and irrational.  This answer belies any assertion on her part that her action is in good faith.   Again, as the Fourth Circuit instructs in *Spence v. Educational Credit Management Corp. (In re Spence)*, 541 F.3d 538 (CA4 2008), she must make good faith efforts to explore the possibility of loan consolidation programs that offer reduced payments based upon her reduced income.  If she

were to agree to consolidate her loans, she would be placed in a new program.  Her obligation

would be fixed at $0.00 a month for 300 months, and at that point the loan would be discharged.

Consolidation would make her eligible for new student loans.  Should she then be able to obtain

meaningful employment.  She would be in a position to make some repayment for these loans.

Truly a win-win situation.  But, the Debtor does not want to consider any program that would

impose upon her the burden of repaying this debt, even were her income to increase

dramatically.

      The court finds the Debtor has not sustained the weighty burden of proof imposed upon

her by Fourth Circuit law.

      Judgment will be entered in favor of the Defendant by a separate order.


cc:

Monica Stitt, 108 Olde Towne Avenue, #317, Gaithersburg, MD 20877
Jakarra J. Jones, Esq., U.S. Attorney's Office, 36 S. Charles Street, 4th Flr, Baltimore MD 21201
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Merrill Cohen, Trustee, 2600 Tower Oaks Blvd., Suite 103, Rockville, Md 20852


**End of Memorandum of Decision**